UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

IN RE:   Case No.: 14-28923-BKC-PGH
   Chapter 11 Proceeding
KIM C. CRAWFORD,

    Debtor,
_____/

**BONY'S[1] RESPONSE TO BRETT A. ELAM'S NOTICE OF FILING [ECF 356]**

BONY files its response to Brett A. Elam, Esq.'s ("Elam") Notice of Filing [ECF 356], and states as follows:

1. The Court is intimately familiar with the odyssey that began in April 2017 after BONY discovered Elam's March 2, 2017 misappropriation of the Debtor's DIP funds in the sum of $34,400 (the "Trust Funds"), and BONY's endless efforts seeking, and numerous disregarded of Court orders requiring, Elam to produce all documents reflecting exactly what happened to the Trust Funds.

2. Among other orders, the Order to Show Cause [ECF 347], docketed on September 1, 2017, provided at paragraph 2:

> At the Show Cause Hearing, Elam is directed to produce any and all trust account statements and related records reflecting the receipt and disbursement of the DIP Funds from March, 2017 to the present, including the recipient of the disbursements (unrelated matters may be redacted).

---

[1] BONY is the abbreviated term for The Bank of New York, As Trustee for the Certificateholders of CWALT, Inc. Alternative Loan Trust 2005-56, Mortgage Pass-Through Certificates Series 2005-56.

**BROAD and CASSEL LLP**
One Biscayne Tower, 21st Floor 2 South Biscayne Blvd. Miami, Florida 33131-1811 305.373.9400

3. Incredibly, when Elam was asked for the documents required by paragraph 2 of the Show Cause Order at the September 19, 2017 Show Cause Hearing, Elam disclosed that he had brought no documents. And then when pressed as to why he had not complied with paragraph 2 of the Show Cause Order, he professed that he was simply unaware of paragraph 2 of the Show Cause Order.

4. As a result, the Court again ordered Elam to comply with paragraph 2 of the Show Cause Order and file all responsive documents by 5:00 p.m. on September 20, 2017.

5. Elam failed to comply, and instead filed his Ex-Parte Motion for Extension of Time to Produce Trust Account Records, seeking a two day–extension [ECF 354], which this Court granted, but interlineated into the proposed order provided by Elam that "[n]o further extensions will be granted for any reason." *See* Order Granting Brett A. Elam's Ex-Parte Motion for Extension of Time to Produce Trust Account Records [ECF 355].

6. A couple minutes before 5:00 p.m. on September 22, 2017, Elam filed his Notice of Filing that included only his trust account statement for activity from March 1, 2017 through May 15, 2017, but nothing else. In footnote 1 to his Notice of Filing Elam stated:

> The Order to Show Cause required Brett A. Elam, Esq., to file all documentation reflecting the receipt and disbursements of the funds received from the Debtor, Kim Crawford. Currently, the full account statements are being sent to Brett A. Elam from his bank, but they have not been received as of the deadline to file this document. Coupled with the issues as outlined in the Ex-Parte Motion for Extension, the undersigned has been unable to obtain the full records to satisfy the Court's requirement. The attached documents run from

2

BROAD and CASSEL LLP
One Biscayne Tower, 21st Floor 2 South Biscayne Blvd. Miami, Florida 33131-1811 305.373.9400

March 1, 2017 through May 15, 2017. However, the attached documents are all of the documentation currently in the possession of Brett A. Elam. The documents are being filed to show the Court the undersigned is not attempting to circumvent its Order, but is just not in possession of the full responsive documents. However, upon receipt of the full account statements from his bank, the undersigned will file them with the Court. The documents should be received by the latest Monday or Tuesday or next week, being September 25 or September 26.

7. As of the filing of this Response, Elam still has not filed the additional required documents.[2]

8. Before discussing what the bank statement attached to Elam's Notice of Filing reflects, it is worth noting what Elam had previously produced. Exhibit A attached hereto is a true and correct copy of an email exchange between Elam and Freedman between July 11 and 12, 2017, including an account statement for Elam's trust account between March 1 and April 28, 2017 (which statement is also Exhibit E to the Exhibit Register [ECF 353]), with respect to which he claimed that he had redacted all non-Crawford information. The statement reflects no debits or credits other than the initial deposit of the $34,400 of Trust Funds on March 2, 2017, and minor interest credits, and a reduction in the trust account balance from $39,408.28 on March 2, 2017 to $22,520.00 on April 28, 2017. Exhibit C is a true and correct copy of a July 13, 2017 email from Elam attaching another copy of his trust account statement reflecting a balance as of May 11, 2017 of $36,863.12, which comported with Elam's prior representations to this Court that he had replaced all of the Trust Funds.

---

[2] Why Elam did not access his own banking records on line, when he had previously admitted that he has such access, reflects a perpetuation of his wrongful conduct. *See* Exhibit A attached hereto, where on July 12, 2017, Elam stated that, "I have gotten the statement from the website again and redacted everything but for Crawford." Or why he did not produce his monthly statements since he previously produced a statement for the period of February 28 through March 31, 2017. *See* Exhibit B attached hereto.

3

BROAD and CASSEL LLP
One Biscayne Tower, 21st Floor 2 South Biscayne Blvd. Miami, Florida 33131-1811 305.373.9400

Case No.: 14-28923-BKC-PGH

9. Among other things, the account statement attached to the Notice of Filing reflects is that between March 3 and May 11, 2017, Elam used his trust account, which included for the most part the Trust Funds, like his personal piggy bank, from which there were 19 unidentified disbursements. And although Elam represented that the Trust Funds had been replaced by May 11, 2017 (*see* Exhibit C), that very same day, he effectuated two disbursements from the account totaling $8,200.

10. Elam's justification for using the Trust Funds has been something to do with his wife having surgery. In his July 13, 2017 email to Freedman (Exhibit D to the Exhibit Register), Elam claimed that "[t]he money was taken out because my wife had surgery and we had to be [sic] the hospital but the money was replaced afterwards when the case did not get confirmed [which denial of confirmation was on April 14, 2017](emphasis added)." His testimony at the Show Cause Hearing was similar as he again attributed the need for the use of the Trust Funds to his wife's surgery. But what Elam forgot to remind the Court is that at or around the time he was in this so-called cash crunch necessitating his use of the Trust Funds at least through May 11, 2017, he was planning a family vacation to Peru from June 8 through June 19, 2017. *See* Debtor-In-Possession's Motion to Vacate Order Granting Motion to Compel Production of Trust Account Documents (DE#313), n.1 [ECF 322].

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via CM/ECF to all parties registered to receive electronic noticing in this case and via First Class U.S. Mail to all parties on the service list below on September 27, 2017.

4

BROAD and CASSEL LLP
One Biscayne Tower, 21st Floor 2 South Biscayne Blvd. Miami, Florida 33131-1811 305.373.9400

Case No.: 14-28923-BKC-PGH

Respectfully submitted,

BROAD AND CASSEL LLP
*Attorneys for Bank of New York Mellon and Bayview Loan Servicing, LLC*
One Biscayne Tower, 21st Floor
2 South Biscayne Boulevard
Miami, Florida 33131
Email: gfreedman@broadandcassel.com
Telephone: (305) 373-9449
Facsimile:    (305) 373-6397

By: */s/ Gary M. Freedman*
Gary M. Freedman

## SERVICE LIST

Carlos Cerezo
166 San Remo Dr
Jupiter, FL 33458

Brian K McMahon
1401 Forum Way
6th Floor
West Palm Beach, FL 33401

Central Finl Control
P.O. Box 1629
Maryland Heights, MD 63043-0629

Green Tree
P.O. Box 6172
Rapid City, SD 57709-6172

Internal Revenue Service
Centralized Insolvency Operations
P.O. Box 7346
Philadelphia, PA 19101-7346

Select Portfolio Servicing
P.O. Box 65250
Salt Lake City, UT 84165-0250