

**ORDERED in the Southern District of Florida on October 24, 2017.**

Paul G. Hyman, Jr., Judge
United States Bankruptcy Court

_____

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                                      Case No.: 14-28923-BKC-PGH

Kim C. Crawford,                                            Chapter 7

     Debtor.
_____/

## FINAL JUDGMENT

**THIS MATTER** came before the Court for hearing (the "Show Cause Hearing") on September 19, 2017, upon the *Order to Show Cause Why Attorney Brett Elam Should Not Be Suspended From Practicing Before the Bankruptcy Court for Making False Statements Regarding Financial Information Relating to the Debtor in Possession Funds and Any Related Sanctions* (the "Order to Show Cause") (ECF No. 347) and the *Amended Motion For Sanctions* (ECF No. 337) filed by The Bank of New York Mellon (as Trustee for the Certificate Holders of CWALT, Inc. Alternative Loan

1

Trust 2005-56, Mortgage Pass-Through Certificates Series 2005-56) and Bayview Loan Servicing, LLC (collectively, the "Creditor"). The Court has considered the evidence presented at the Show Cause Hearing, including the testimony of witnesses and the documentary and other evidence admitted, as well as the presentations of counsel, and applicable law. The Court is otherwise fully advised in the premises.

In accordance with Federal Rule of Bankruptcy Procedure 7058, for the reasons stated on the record at the Show Cause Hearing and contained in the *Order on the Order to Show Cause Why Brett Elam, Esq. Should Not be Suspended from Bankruptcy Practice (ECF No. 347)* and the *Bank of New York Mellon's Amended Motion for Sanctions Against Brett Elam, Esq. (ECF No. 337)*, it is **ORDERED AND ADJUDGED** that:

1. Mr. Elam is determined to have committed professional misconduct, warranting sanctions pursuant to 11 U.S.C. § 105(a), Local Rule 2090–2(B)(1), and, in the alternative, pursuant to the Court's inherent powers, in order to compensate the Creditor and the Debtor for actual losses sustained by them as the result of Mr. Elam's conduct (i.e., attorney's fees and costs) as well as to coerce compliance (i.e., suspension).

2. Mr. Elam is determined to have willfully violated multiple court orders, warranting sanctions pursuant to 11 U.S.C. § 105(a), Local Rule 2090–2(B)(1), and, in the alternative, pursuant to the Court's inherent powers, in order to compensate the Creditor and the Debtor for actual losses sustained by them as

   the result of Mr. Elam's conduct (i.e., attorney's fees and costs) as well as to coerce compliance (i.e., suspension).

3. Mr. Elam is determined to have made false representations to the Court, warranting sanctions pursuant to 11 U.S.C. § 105(a), Local Rule 2090–2(B)(1), and, in the alternative, pursuant to the Court's inherent powers, in order to compensate the Creditor and the Debtor for actual losses sustained by them as the result of Mr. Elam's conduct (i.e., attorney's fees and costs) as well as to coerce compliance (i.e., suspension).

4. Pursuant to Local Rule 2090–2(B)(1), 11 U.S.C. § 105(a), and, in the alternative, the Court's inherent powers, Mr. Elam is **SUSPENDED** from practice before the United States Bankruptcy Court for the Southern District of Florida, effective thirty days from the date of entry of this Order, for the longer of: (1) one year from the date of entry of this Order; or (2) upon conclusion of the investigation by the Florida Bar *and* satisfaction of the required payments provided below.

5. Mr. Elam shall file a Motion to Withdraw as Attorney of Record from all of his currently active cases case in the United States Bankruptcy Court for the Southern District of Florida within 30 days of entry of this Order.

6. Effective thirty days from the date of entry of this Order, Mr. Elam is hereby prohibited from filing any pleadings or other papers in this or any other bankruptcy case in the United States Bankruptcy Court for the Southern District of Florida—with the sole exception of Motions to Withdraw as Attorney

of Record in any currently active cases—without prior written Order of this Court granting him permission in each instance to file such pleading or paper for a period of one year *or* upon conclusion of the investigation by the Florida Bar and satisfaction of the required payments provided below—whichever is longer.

7. This matter is hereby referred to the Florida Bar Attorney Consumer Assistance Program (ACAP) to investigate whether further proceedings against Mr. Elam may be necessary as a result of this Order.

8. Mr. Elam is directed to pay $8,557.50 directly to the Creditor as a sanction pursuant to 11 U.S.C. § 105(a) and, in the alternative, the Court's inherent powers, within 30 days of entry of this Order, absent agreement of the Creditor to a different time period.

9. Mr. Elam is to pay $34,400.00 to the Debtor, representing the amount that he transferred from the DIP Account into the Trust Account on March 2, 2017, as a sanction pursuant to 11 U.S.C. § 105(a) and, in the alternative, the Court's inherent powers, within 60 days of entry of this Order, absent agreement of the Debtor to a different time period.

10. To the extent that the Debtor paid Mr. Elam any of the $14,350.00 in attorney's fees awarded, Mr. Elam is to return any such payments—unless already accounted for by the payment required in paragraph 9 above—to the Debtor as a sanction pursuant to 11 U.S.C. § 105(a) and, in the alternative, the Court's

inherent powers, within 60 days of entry of this Order, absent agreement of the Debtor to a different time period.

###

Copies furnished to:

Brett Elam, Esq.

Gary Freedman, Esq.

Kim C. Crawford, Debtor

Heidi Feinman, Trustee

AUST

The Florida Bar, Attn: ACAP Dept.
651 East Jefferson Street
Tallahassee, FL 32399