UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF
FLORIDA
WEST PALM BEACH DIVISION


IN RE:                                          Case No.: 14-28923-BKC-PGH
                                                Chapter 11 Proceeding


KIM C. CRAWFORD,
 Debtor


## MOTION TO  VACATE ORDER OF DISMISSAL AND REIMPOSING AUTOMATIC STAY, OR, IN THE ALTERNATIVE, TO SHORTEN PREJUDICE PERIOD

Comes now debtor Kim C. Crawford who  submits this Motion
To Vacate Order Of Dismissal And Reimposing the Automatic
Stay, Or, In The Alternative, To Shorten Prejudice Period,  and
in support thereof states as follows:

## Background

1.This case represents a litany of circumstances that led to its
dismissal. The events that unfolded have resulted in substantial
prejudice to the debtor as a result of her prior counsel shirking
his professional duties and violating his ethical obligations.

2.This court has recognized and underscored the misdeeds,
failings and lack of professional integrity by her prior counsel
Brett Elam in this court's Order On The Order To Show Cause
Why Brett Elam, Esq. Should Not Be Suspended From
Bankruptcy Practice (ECF No. 347) And The Bank Of New

York Mellon's Amended Motion For Sanctions Against Brett Elam, Esq. [ECF 364] and Final Judgment [ECF 365].

3.By virtue of these findings, it should come as no surprise to this court that Mr.Elam  provided ill advised, misguided and erroneous direction to debtor, which debtor asserts lead to this courts  July 14, 2017 Order Dismissing Case with Prejudice. [ECF  330 ].  Not only did Mr. Elam fail to argue for dismissal without prejudice[1] but failed to advise Debtor of his inherent conflict, and of her right to seek rehearing in a timely manner.

4. For the reasons set forth herein, the debtor asserts that this court should vacate the dismissal of the case, or in the alternative, amend the order to be without prejudice.

Argument

**The Court may Consider the Merits of this Motion based on Federal Rule of Civil Procedure 59(E) And The Principle Of Excusable Neglect**

5. Federal Bankruptcy Rule 9023 renders Federal Rule of Civil Procedure 59(e) applicable  to bankruptcy proceedings and by virtue of it, this court can adjust a ruling where necessary to correct a clear error of law or prevent manifest injustice. Morganroth & Morganroth v. DeLorean, 213 F.3d 1301, 1313 (10th Cir. 2000); see also Brown v. Presbyterian Healthcare Serv., 101 F.3d 1324, 1332 (10th Cir. 1996)

---

[1] Mr. Elam was in fact in an inherent conflict situation as any arguments he could have made in support of the debtor would have been against his personal interests.

6. Based on the facts in this instance, the court can and should turn to the concept of excusable neglect to right the wrongs perpetrated by Mr. Elam. While it is not this court's mandate to provide redress to debtors for malpractice by their counsel, there is precedent in this Circuit to apply the excusable neglect standards[2] emanating from Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership 507 U.S. 380 (1993) to reverse the damage by counsel here.  In two 11th Circuit cases, the courts found that the gross deficiency performances by counsel were sufficient to impute excusable neglect to the client. In both of those cases,  In Walter v. Blue Cross & Blue Shield United, 181 F. 3$^{rd}$1198 (11th Cir. 1999), and Rhino Cellular, Inc. v. Greenberg. Rhino Cellular v. Greenberg, No. 06-10328, 2006 WL 1594202, 2006 U.S.App., the lawyers were merely negligent. In the case at hand, the conduct and performance of counsel was light years  beyond negligent. The court found that he willfully violated court orders, suspended him from  practice, referred him to the Florida Bar, sanctioned him monetarily, and ordered him to withdraw from not just this, but all other proceedings before this court. If ever there was cause  to extend the excusable neglect standard to inure to the client herself, this case is it.

7. The court, then, should look to the Pioneer standards to determine whether it should invoke its powers to allow for the procedural consideration of this motion and its merits. This case was dismissed on July 14, 2017; barely three months have

---

[2] Those standards are:  1) prejudice to the debtor, 2) length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay, and 4) whether the movant acted in good faith, referred to in this motion as "the Pioneer standards"

transpired since the deadline for rehearing. During that period nothing precluded the creditors from pursuing their rights. Mr. Elam continue to purport to represent the debtor, yet became immersed in his own legal mire before this court. The delay in the debtor seeking rehearing was beyond her control, and had no impact on judicial proceedings before this court or before any other court.

8. Based on the incompetence and lack of professionalism exhibited by her former counsel, it would be disingenuous for any party to argue that this debtor's lack of knowledge regarding her rights or her failure to pursue them timely exhibited bad faith.

9. The delay period being negligible and the debtor having no control over Mr. Elam's misdeeds, it would stand that this court can and should consider its merits, including whether prejudice to the debtor would outweigh any prejudice to other parties.

## The Court Should Reconsider Its Dismissal With Prejudice Based On Excusable Neglect

10. Although not clear from the face of the dismissal order, presumably this court dismissed debtor's case on the basis of the assertions raised in BONY's motion to dismiss, to wit:

1) the unlikelihood that the debtor's plan would satisfy the liquidation test

2) the unlikelihood that the debtors plan would satisfy the absolute priority role; and

3) the failures of disclosure regarding asset valuations and

4) manipulation regarding trust funds placed with Mr. Elam.

11. This court has already given ample consideration and rendered its opinion regarding the lack of culpability on the part of the debtor with respect to Mr. Elam's sleight of hand over her trust funds. It should not then be a stretch for this court to consider the possibility that Mr. Elam's conduct and failures led to the other issues raised by BONY.

12. Mr. Elam's direct and unequivocal instructions to her (as to which the debtor is prepared to waive privilege and testify in an evidentiary context) were that it is acceptable, appropriate and accurate to list the values of her businesses as "zero".

13. This court witnessed firsthand Mr. Elam's ineptitude with respect to complying with basic rules of evidence regarding the introduction of expert valuation witnesses and reports, and based on his repeated violation of this court's orders, this court had no choice but to strike the debtor's ability to introduce any such evidence. These defects were procedural infirmities over which the debtor had absolutely no control.

## The Court Should Afford Debtor An Opportunity To Mitigate Damage Not Caused By Her Own Hands And In So Doing, Would Not Cause BONY Or Any Other Creditor To Be Substantially Prejudiced

14. This case should have been filed as a small business case[3]. The absolute priority and liquidation issues raised by BONY

---

[3] 51D) The term "small business debtor"—...... means a *person* engaged in commercial or business activities .... that has aggregate noncontingent liquidated secured and unsecured debts as of the date

were relative to the debtor's capacity as an *individual* debtor and presumably related to this court's ruling in In re Gosman 282 B.R. 45 (S.D. Fla. 2002) and its progeny. Were this court to afford this debtor an opportunity to revisit  or refile her case she would do so as a small business debtor and while the absolute priority rules may well continue to apply, the self funding new value bar of an individual case (See In re Fisher Case No. 07-61338-11 United States Bankruptcy Court, D. Montana (April 15, 2008.)  might not apply nor would she be constrained by the net disposable income or  five year plan limitations of individual cases under 1129(a)(15). Therein the debtor would be afforded at least the opportunity to present to the court a properly crafted plan with a reasonable likelihood of confirmation.

15. BONY's  potential prejudice has already been mitigated by this court. For example, BONY has been awarded fees by this court, which fees are to be paid by Mr. Elam[4]. Furthermore, BONY  has been able to advance its state court foreclosure proceedings since the dismissal and were this court to allow the quick  reinstatement of the instant case or the  refiling of a new case, BONY would not be constrained from pursuing  full or partial stay relief on an expedited basis, further mitigating any prejudice.

16. As well, if allowed to proceed , and with proper representation, the debtor would be in an improved position to maximize recovery by all creditors  through proper valuation of

---

off the filing of the petition or the date of the order for relief in an amount not more than $2,000,000….    The debtor falls within this definition

[4] These fees represent the unnecessary incurring of time and effort by counsel for BONY in addressing Mr. Elam's misadventures.

3

assets and the rendering of current market offers that have been presented to the debtor since the dismissal.

## Precedent Allows For The Relief Requested Herein

17. The unfortunate circumstances that confront this debtor now jeopardize her homestead and essential business interests. The court's granting of the relief requested in this motion is not without precedent. In fact, there is a case law almost directly on point in this very district.

18. In the case of In re Weinraub 350 B.R. 779 (S. D. Florida. 2006), the debtors' counsel failed to attend a hearing on a motion to dismiss their case. They filed a motion to shorten the prejudice period, which was granted. Then, however, their illustrious lawyer failed to comply with the court's directive requiring him to file a new plan and other related pleadings. The debtors hired new counsel who complied but was outside of the deadline.

19. There, as here, the court was asked to consider Federal Rule of Civil Procedure 59 (e), and evaluated Pioneer Investment and related cases, and upon "weighing all relevant circumstances", allowed the debtors to reinstate their case. As a side note in its opinion, the court reflected that it had issued a Motion To Show Cause Whether The Debtors Counsel Should Be Suspended From Practice Before The Court, Reprimand[ed] Or Otherwise Disciplined. These analogous facts certainly suggest that it is appropriate for this court to invoke its far-reaching equitable powers when the significant breaches of

integrity by counsel, while egregious, might still leave the debtor in a position to reverse or reduce the damage done.

20. It would seem then, that if this court were to acknowledge the excusable neglect in this case, and the egregious and outrageous extent to which neglect  existed, and the prospect that little if any prejudice would be manifested to creditors by her reinstatement or prompt refiling, it should not find it difficult to extend to this debtor one more bite at the apple.

Wherefore, debtor respectfully request the entry of an order:

1) vacating the order of dismissal and allowing the debtor to proceed under the instant Chapter 11 proceeding and reimposing the automatic stay or, in the alternative:

2)  shortening the prejudice period or modifying the dismissal to be without prejudice, such as to allow the debtor to file  anew.

3) for such other relief as the court deems appropriate.

Respectfully Submitted

JULIANNE FRANK
*Attorney for debtor Kim Crawford*
4495 Military Trail
Jupiter, FL 33458 (561-320-7971)


By:  /s/*julianne frank*
    JULIANNE FRANK, ESQ.
    Florida Bar No. 315745



CERTIFICATE OF SERVICE TO FOLLOW

3

3